**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**EDGAR GRACIANI**,

      Plaintiff,

          v.

**VOLUNTEERS OF AMERICA,**
**CASA ALBORADA, HOSPITAL PAVIA,**

      Defendants.

Civil Case. NO. 12-1717 (PG)

## OPINION AND ORDER

Plaintiff filed the Complaint on August 29, 2012. Though he provides a vivid account of his mental state after suffering an injury his left hand, his pleading is insufficient to establish the grounds for the $3,000,000.00 relief he seeks against defendants. Illegible and incomprehensible at times, the Complaint does not put forth sufficient facts to allow the court to draw the reasonable inference that the defendants are liable for the misconduct alleged. For the reasons stated below, this Court **DISMISSES WITHOUT PREJUDICE** plaintiff's claims.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

After filing the instant action on August 29, 2012 [Docket No. 1], plaintiff filed an Amended Complaint on September 17, 2012 [Docket No. 4]. A "Motion to Leave Petitioner to Amended Complaint" [sic] [Docket No. 7] followed on December 28, 2012 (hereinafter "Second Amended Complaint"). Shortly thereafter, Defendant Volunteers of America, Inc. ("VOA") filed a Motion to Dismiss [Docket No. 9] for failure to execute timely service of process. After that, Plaintiff filed myriad Motions, including a "Motion requesting payment of debt" [Docket No. 21], a "Motion requesting Hearing" [Docket No. 22], a "Motion requesting Documents" [Docket No. 23] and a "Motion to Compel" [Docket No. 24].

On February 4, 2013, defendants VOA, Mike King, Raul Gonzalez, Julio Salinas and E. Anguita filed a Motion to Dismiss pursuant to Fed. R.Civ.P. 12(b)(6) [Docket No. 25] for failure to state a cause of action or, in the alternative, for lack of personal jurisdiction.

## II. <u>STANDARD OF REVIEW</u>

In determining whether dismissal of a complaint is appropriate pursuant to Rule 12(b)(1) or 12(b)(6), the court must keep in mind that "[t]he general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief… this short and plain statement need only give the defendant fair notice of what the… claim is and the grounds upon which it rests." <u>Gargano v. Liberty Intern. Underwriters, Inc.</u>, 572 F.3d 45, 48 (1st Cir. 2009) (internal citations and quotation marks omitted). Nevertheless, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has… held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" <u>Rodríguez-Ortiz v. Margo Caribe, Inc.</u>, 490 F.3d 92, 95 (1st Cir. 2007) (<u>citing</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 559 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (<u>citing</u> <u>Twombly</u>, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level… on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will… be a context-specific task that requires

the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 129 S.Ct. at 1950.

When en evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if… a recovery is very remote and unlikely." <u>Ocasio-Hernández v. Fortuño-Buset</u>, 640 F.3d 1, 12-13 (1st Cir. 2011) (<u>citing</u> <u>Twombly</u>, 550 U.S. at 556). Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." <u>Ocasio-Hernández</u>, 640 F.3d at 13.

The District Court may *sua sponte* dismiss a claim pursuant to Rule 12(b)(6) without notice where it is "patently obvious" that the plaintiff cannot possibly prevail based on the facts alleged in the Complaint. <u>Rollins v. Wackenhut Services</u>, 703 F.3d 122 (D.C. Cir. 2012)(<u>citing</u> <u>Baker v. Dir., U.S. Parole Comm'n</u>, 916 F.2d 725, 727 (D.C. Cir. 1990)).

### III. <u>DISCUSSION</u>

In the Complaint, plaintiff sues VOA; a number of its officials in their individual and official capacity; Hospital Pavia (hereinafter "Pavia"); its Director; its emergency room staff and two doctors on a wide arrange of theories, most notably, for violation of the 14th Amendment of the United States Constitution, for "cruel and unusual punishment" pursuant to the 8th Amendment and for medical malpractice.[1]

The Complaint charges that the defendants were deliberately indifferent to plaintiff's serious medical needs and therefore violated

---

[1] The other claims include: "Infliction of emotional distress, loss of sleep, financial problems;" "injury;" "perpetua impediment of his left hand;" "adequate medical care;" "deprivation of care and treatment prescribed by surgeon;" "unnecessary and wanton infliction of pain;" "negligence; "Malfeasant Act;" "Discrimination." <u>See</u>, Docket No. 7, page 5.

his Eighth Amendment right to be free from cruel and unusual punishment, as well as his Fourteenth Amendment's due process and equal protection rights. Plaintiff puts forth an intelligible account from which the Court can only gather that he claims to have suffered an injury on his left hand that caused him a permanent disability. For the purpose of properly addressing plaintiff's claims, the Court will discuss them separately:

### A. Violation of 42 U.S.C. §1983

In his Complaint, plaintiff does not detail why he claims that he has suffered a denial of equal protection, procedural due process and substantive due process under the Fourteenth Amendment of the United States Constitution.

Plaintiff basically alleges that, while at Casa Alborada--a halfway house in which he was admitted for 180 days-- he was "forced" by Ms. Gladys (who he claims is a VOA employee, though he fails to provide a last name), to clean the restroom located on the third floor. See, Docket No. 7, page 6. While doing so, he suffered "a deep cut" on his hand as a result of taking out a garbage can. See, Docket No. 7, page 6.

Plaintiff asserts that he complained to Ms. Gladys that "the garbage trash can was unsafe and needed to be repaired" and that defendant Casa Alborada failed to "place a notice" of the "defected garbage trash can" or take any steps to "obviate the danger." See, Docket No. 7, pg. 6.

He further claims that "after the unhurried modus operandus [sic] of Volunteers of America-Casa Alborada staff" he was "referred to the emergency room at the Hospital Pavia in Santurce." See, Docket No. 7, page 6. Plaintiff goes on to assert that Alborada refused to pay for his

medical expenses and would not allow him permission to go to the hospital for further treatment.

From the facts thus recited, this Court is left to wonder what actions, if any, on Defendant VOA's part, constitute a violation of Plaintiff's rights under the Fourteenth Amendment.

The Supreme Court has recognized that "[t]he purpose of the equal protection of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Sioux City Bridge Co. v. Dakota County, 260 U.S. 441, 445, 43 S.Ct. 190 (citing Sunday Lake Iron Co. v. Township of Wakefield, 247 U.S. 350, 352, 38 S.Ct. 495, 62 L.Ed. 1154 (1918)).

Plaintiff has not alleged that he suffered a disparate treatment nor has he pled any particular action that indicates a violation of his substantive and procedural due process. Insofar as there is not a single allegation that supports a Fourteenth Amendment claim, plaintiff's claims founded on violations of 42 U.S.C. §1983 are Dismissed without Prejudice.

### B. Violation of the 8th Amendment

Similarly, plaintiff does not allege sufficient facts to establish a claim for cruel and unusual punishment under the Eight Amendment of the United States Constitution.

Plaintiff claims that, after he suffered an injury on his left hand, "the unhurried modus operandus [sic] and refusal of Casa Alborada staffs to call the ambulance" forced him to "walk all the way to the hospital" accompanied by Mr. M. Lopez, a member of VOA staff. See, Docket No. 7, page 6. He also asserts that VOA staff refused to assist him with

transportation to Centro Medico for his treatment. <u>See</u>, Docket No. 7, page 8. Furthermore, Plaintiff relates that while waiting for surgery at the hospital, "the director of Casa Alborada refused to allow extra hours for petitioner surgery and order petitioner to return to Casa Alborada." <u>See</u>, Docket No. 7, page 9.

   Generally, a prison official's acts or omissions violate the Eight Amendment's ban on cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-106 (1976). An inadvertent failure to provide adequate medical care is not enough, nor is a delay in medical care unless the plaintiff can show the delay resulted in substantial harm. <u>Mata v. Saiz</u>, 427 F.3d 745, 751 (10th Cir. 2005; <u>Olson v. Stotts</u>, 9 F.3d 1475, 1477 (10th Cir. 1993). Such harm may be shown by evidence that the delay caused unnecessary pain or caused the condition to worsen. <u>Id.</u> at 755. However, postponing surgery for a period, does not provide a cause of action for deliberate indifference to serious medical needs if the delay would not cause further damage. <u>White v. Colorado</u>, 82 F.3d 364, 366 (10th Cir. 1996).

     Plaintiff points to the case of <u>Estelle</u> to claim that defendants' deliberate indifference to his medical needs constitute "the unnecessary and wanton infliction of pain" proscribed by the Eight Amendment. Plaintiff, however, did not show that the alleged actions resulted in the denial of any basic human needs or that VOA officials demonstrated a deliberate indifference to his health and safety. In addition, plaintiff did not sufficiently plead that the actions of VOA caused his condition to worsen.

What is more, taking as true plaintiff's allegations in the Complaint, he does not have a private cause of action for damages against defendant VOA.

In <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. The Supreme Court later refused to extend the <u>Bivens</u> limited holding to confer a right of action for damages against private entities acting under color of federal law in <u>Correctional Services Corporation v. Malesko</u>, 534 U.S. 61, 122 S.Ct. 515 (2001).

In his Complaint, plaintiff alleges that VOA is a "non-profit organization dedicated to administer the halfway houses for federal prisoners 180 days placement in Puerto Rico." <u>See</u>, Docket No. 7, page 2. He further asserts that the Defendants were acting "in the name of the state under the authority granted by the state, county, city or other non-federal government entity." <u>Id</u>.

If VOA is, in fact, a private entity that administers the halfway house, plaintiff would not have a private cause of action for damages against VOA, and even if it did, plaintiff has not asserted sufficient facts to configure a cause of action against defendants pursuant to the Eight Amendment.

### C. <u>Negligence on VOA's part</u>

Regarding the negligence claim, plaintiff's only assertion is that VOA had knowledge that a garbage can located on the third floor's bathroom was "unsafe" because he informed their staff of that fact. In

what way was the garbage "unsafe" and why that created a dangerous condition is left for the Court to ponder.

Certainly, Plaintiff has not pled even a general recital of facts that would create a reasonable inference of negligence on the part of VOA.

### D. Malpractice claims

Plaintiff's claims against Hospital Pavia, its director, staff and two physicians basically center on their delay in providing medical care. In fact, plaintiff claims that he was in the emergency room for almost four hours before a physician checked his wound. See, Docket No. 7, page 7. He also asserts that defendants Hospital Pavia, its director, emergency room staff and doctors Ruth Calderon and Manuel Pérez did not provide "adequate medical care."

There is no jurisdictional basis for Plaintiff's malpractice claims before this Court. "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." See, Gunn v. Minton, 133 S.Ct. 1059, 1064 (2013) (citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). Relevant here, Congress has authorized the federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. §1331. A case arises under federal law when federal law creates the cause of action asserted. See, Gunn, 133 S.Ct. at 1064 (citing American Well Works Co. v. Layne & Bowler, Co., 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916)).

Simply put, this legal malpractice suit does not belong in federal court. As such, the claims against Hospital Pavia, its director,

emergency room staff and doctors Ruth Calderon and Manuel Perez are dismissed without prejudice.


## IV. CONCLUSION

A court may dismiss a complaint, *sua sponte*, if it fails to state a claim upon which relief may be granted.

After examining each of the allegations in the Complaint, it is fitting to conclude that plaintiff simply does not state a viable claim as to any of the defendants, thus warranting dismissal. In addition, this Court does not have jurisdiction to entertain the malpractice claims against defendants Hospital Pavia, its director and emergency room staff and doctors Ruth Calderón and Manuel Pérez.

In light of the aforementioned, this Court hereby **DISMISSES** Plaintiff's claims **WITHOUT PREJUDICE**.

**SO ORDERED.**

In San Juan, Puerto Rico, April 3, 2013.


                                        S/ JUAN M. PÉREZ-GIMÉNEZ
                                        JUAN M. PÉREZ-GIMÉNEZ
                                        UNITED STATES DISTRICT JUDGE